Mark NEWTON;  Andrea Newton, Appellants

v.

Brian MIZELL.

No. 09–1524.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 May 29, 2009.

Opinion Filed:  July 7, 2009.

Mark Newton, Andrea Newton, Newark, NJ, pro se.

Before: RENDELL, HARDIMAN and COWEN, Circuit Judges.

## OPINION

PER CURIAM.

This case arises from a dispute between the Appellants, Mark and Andrea Newton, and their landlord, Brian Mizell. The dispute began when, in October 2004, Essex County declared the Newtons's apartment uninhabitable. At that time, County officials informed Mizell that the Newtons would not be required to pay rent until he cured the defects in their apartment. According to the Newtons, Mizell refused to cure the defects, and instead attempted to evict them. As a result, the Newtons initiated an action in the New Jersey Superior Court seeking to enjoin the eviction. After several months of litigation in the Superior Court and Appellate Division, the Newtons were ordered to leave the apartment and to reimburse Mizell for several months of rent.

Soon thereafter, on February 2, 2009, the Newtons filed a civil rights complaint against Mizell in the United States District Court for the District of New Jersey. In the complaint, the Newtons alleged that: (1) the New Jersey Superior Court lacked jurisdiction over the eviction action be-cause Mizell never filed a complaint in that court; (2) the Superior Court violated their due process rights and "disregarded all the New Jersey Statutes, Court rules, and applicable case law" by evicting them despite the absence of a complaint; (3) the Superior Court abused its discretion by refusing to vacate its eviction order even though the Newtons never received notice of the eviction hearing; (4) this Court should vacate the Superior Court's order directing the Newtons to pay rent to Mizell because he purposefully refused to provide them with "safe and decent housing;" (5) the state court erred in increasing the rent at the apartment by $150.00; and (6) the Superior Court erred by refusing to allow the Newtons's security deposit to be counted toward the overdue rent. (Brief in Support of Compl., Dkt. # 1–6.)

Upon review of these allegations, the District Court determined that the Newtons were essentially seeking appellate review of the state courts' decisions, and dismissed the complaint for lack of subject-matter jurisdiction. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 483–84, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). This appeal followed.[1]

We agree with the District Court that it lacked jurisdiction over the complaint pursuant to the *Rooker–Feldman* doctrine. As the Supreme Court has made clear, the doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced[,] and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Based on our careful review of the complaint and the Newtons's brief in

---

1. We have jurisdiction over this appeal pursu-ant to 28 U.S.C. § 1291.

support thereof, we agree with the District Court that this case falls within the narrow class of cases barred by this doctrine.

Accordingly, we will summarily affirm the District Court's order. *See* Third Cir. LAR 27.4 and I.O.P. 10.6.